UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kimberly Jesika and
Ashley Rivers,

Plaintiffs,

v.

Sano Daniel, Jada Daniel,
and Does 1 through 100,

Defendants.

Case No. 15-cv-2487 (PAM/JSM)

**MEMORANDUM AND ORDER**

_____

This matter is before the Court on Sano and Jada Daniel's Motion to Dismiss (Docket No. 8) and Ashley Rivers's Motion for Voluntary Dismissal (Docket No. 22). Because Plaintiffs cannot satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332(a), the Court must dismiss the case for lack of subject matter jurisdiction. The parties' motions are therefore denied as moot.

**BACKGROUND**

This is a defamation case, in which Plaintiffs Kimberly Jesika and Ashley Rivers are suing Sano Daniel, her daughter Jada Daniel, and Does 1 through 100. Defendants Sano and Jada Daniel brought counterclaims also alleging defamation. The Complaint alleges that Defendants hired Plaintiffs as their agents in the entertainment industry. The parties were bound by a management agreement. Plaintiff Jesika was originally the Daniels' agent, but referred them to Plaintiff Rivers. Plaintiffs and Defendants disagreed about how to promote Defendants. Plaintiffs contend that Defendants "defamed plaintiffs

personally by calling them frauds" and "insisted" that Plaintiffs scammed Defendants and others. (Compl. at p. 3.)

Plaintiffs claim that Defendants' alleged defamatory oral and written statements harmed Plaintiffs' reputation so that Plaintiffs "are not able to promote their program efficiently" (Compl. at p. 4), and that "the loss of revenue is affecting the production of certain projects and meeting certain deadlines." (Id.) Plaintiffs seek an injunction but do not seek money damages aside from costs.[1] Defendants filed their Answer and Counterclaims, which appear to involve defamation and breach of contract. Defendants ask for an injunction and compensatory damages of $100,000.

**DISCUSSION**

Federal district courts have original jurisdiction over all civil actions between citizens of different states[2] in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, Plaintiffs have not requested money damages—they seek only injunctive relief. In a suit for injunctive relief, for the purposes of determining whether diversity jurisdiction exists, the amount in controversy is measured by the value to the plaintiff of the right sought to be enforced. Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). The burden of pleading is on the

---

[1] On page 2 of the Complaint, Plaintiffs state that "[a]s is more fully shown below, more than $75,000 exclusive of interest and costs, is in dispute in this action." However, the Complaint mentions damages of only $1,182.00, the fee Defendants originally paid Plaintiffs for their services but later recovered through PayPal.

[2] There is no dispute that the parties meet the diversity-of-citizenship requirement under 28 U.S.C. § 1332(a)(1).

plaintiff. Hedberg v. State Farm Mut. Auto. Ins. Co., 350 F.2d 924, 928-29 (8th Cir. 1965).

When determining the amount in controversy, "a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." Capitol Indem. Corp. v. 1405 Assocs., Inc., 340 F.3d 547, 549 (8th Cir. 2003) (citation omitted). Plaintiffs have not and cannot establish that Defendants' conduct amounted to $75,000 in harm to Plaintiffs' reputation, business prospects, or marketing efforts. The Complaint alleges that the Defendants caused Plaintiffs to lose one potential client, but mentions no other damage that could amount to $75,000. Therefore, the injunctive relief requested cannot be used to reach the jurisdictional minimum.

Neither can Defendants' counterclaims for $100,000 in damages and injunctive relief satisfy the amount-in-controversy requirement, because a compulsory counterclaim cannot be considered for jurisdictional amount purposes. Al-Cast Mold & Pattern, Inc. v. Perception, Inc., 52 F.Supp.2d 1081, 1083 (D. Minn. 1999) ("[C]ounterclaims do not satisfy the jurisdictional amount.").

It is clear that the Court has no jurisdiction over this lawsuit. Accordingly, **IT IS HEREBY ORDERED** that this matter is **DISMISSED WITH PREJUDICE**, and the parties' Motions (Docket Nos. 8, 22) are **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  November 4, 2015

                                        *s/ Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge